Filed 8/4/25  P. v. Paredes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C102039 |
| Plaintiff and Respondent, | (Super. Ct. No. 23F9787) |
| v. | |
| ANTONIO GABRIEL PAREDES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Antonio Gabriel Paredes filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief, arguing his counsel was constitutionally ineffective in negotiating his plea deal.  We conclude that the absence of a certificate of probable cause forecloses this claim.  Having undertaken an examination of the entire record, we find no arguable errors that would result in a disposition more favorable to defendant and thus affirm the judgment.

1

BACKGROUND

In 2023, the victim reported that someone entered his home while he and his roommate were out and stole thousands of dollars' worth of items. Upon reviewing his Ring camera footage, the victim identified his neighbor, defendant, as the perpetrator.

The People charged defendant with first degree residential burglary (Pen. Code,[1] § 459), obstructing a peace officer (§ 148, subd. (a)(1)) and alleged multiple prior serious felony convictions (§ 667, subd. (a)(1)) and prior strike convictions.

Defendant ultimately pled no contest to first degree residential burglary and admitted he had a prior strike conviction and a prior serious felony conviction. As part of the plea agreement, defendant stipulated to an aggregate sentence of 17 years, comprised of 12 years for the first degree residential burglary (the upper term doubled due to the prior strike) plus five years for the prior serious felony conviction. At the change of plea hearing, the trial court asked defendant whether his attorney had explained to him the terms of the plea; defendant responded yes. The court explained that defendant was agreeing to a 17-year sentence, which included an upper-term sentence, and that defendant would be "stipulating that there are aggravating factors."

On April 11, 2024, the trial court sentenced defendant to 17 years imprisonment, in accordance with the negotiated plea.

On August 26, 2024, defendant filed a motion for relief due to discrimination (§ 745, subd. (a)(3)), alleging he was charged or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in similar conduct and are similarly situated.

On September 13, 2024, defendant requested permission from this court to file a notice of appeal more than 60 days after judgment pursuant to the constructive filing

---

[1] Undesignated section references are to the Penal Code.

2

doctrine. He alleged he relied on his trial attorney to file a timely notice of appeal, and that his attorney failed to do so. We granted the request and deemed his notice of appeal as timely for all appellate review purposes.

On October 7, 2024, defendant filed a notice of appeal, indicating that the appeal both challenged the validity of the plea and was based on the sentence or other matters occurring after the plea. Defendant requested a certificate of probable cause, claiming he received ineffective assistance of counsel. The "COURT ORDER" section of the request form is blank; neither the "granted" nor "denied" box has been checked by the trial court.

On October 15, 2024, the trial court summarily denied defendant's motion for relief due to discrimination for failure to make a prima facie showing that the California Racial Justice Act of 2020 (Stats. 2020, ch. 317) was violated.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant filed a supplemental brief arguing that his trial attorney was ineffective for failing to point out to him certain laws when his plea deal was being negotiated. Specifically, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013), which amended sections 667 and 1385 to give courts discretion to dismiss or strike a prior serious felony conviction for sentencing purposes. Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721), which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. And Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731), which amended section 1170 to limit the trial court's ability to impose an upper-term-determinate sentence by making the middle term the presumptive prison term unless specified circumstances exist.

3

Defendant claims that, had he known that these favorable laws were in effect when he was negotiating his plea, he would have suggested a different course of defense and not pled to the sentence that he ultimately received.

In general, a defendant who has pled guilty or no contest may not appeal the judgment of conviction without first obtaining a certificate of probable cause. (§ 1237.5, subd. (b); see also Cal. Rules of Court, rule 8.304(b).) "Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) In determining whether a certificate of probable cause is required for a claim, "courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge . . . is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

Defendant's assertion of ineffective assistance of counsel in negotiating his plea is, in substance, a challenge to the validity of the plea, and thus a certificate of probable cause is required to raise this claim. Here, a certificate of probable cause was not "executed and filed . . . with the clerk of the court" as required by section 1237.5, subdivision (b). Because there is no certificate of probable cause, defendant's claim is not cognizable in the present appeal. (See *In re Chavez* (2003) 30 Cal.4th 643, 651 ["A defendant who challenges the validity of such a plea on the ground that trial counsel rendered ineffective assistance in advice regarding the plea may not circumvent the requirements of section 1237.5"]; cf. *People v. Richardson* (2007) 156 Cal.App.4th 574, 596 ["[W]e are without power to address defendant's ineffective assistance of counsel claim in the absence of a certificate of probable cause"]; *People v. Shelton* (2006) 37 Cal.4th 759, 766 [" '[A] challenge to a negotiated sentence imposed as part of a plea

4

bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause"].)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

<div align="center">DISPOSITION</div>

The judgment is affirmed.

 

 

<div align="center" style="text-align:right">_____\s_____,<br>Krause, J.</div>

 

We concur:

 

_____\s_____,<br>Mauro, Acting P.J.

 

_____\s_____,<br>Wiseman, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

<div align="center">5</div>